1998 ME 261

Jonathan P. **GOLDSTEIN**

v.

**TOWN OF GEORGETOWN.**

Supreme Judicial Court of Maine.

Submitted On Briefs Nov. 20, 1998.
Decided Dec. 9, 1998.

Jonathan Goldstein, Georgetown, for appellant.

Carl W. Stinson, Stinson, Lupton & Gabree, P.A., Bath, attorney for appellee.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, and ALEXANDER, JJ.

ALEXANDER, J.

[¶ 1] Jonathan P. Goldstein appeals from the judgment entered in the Superior Court (Sagadahoc County, *Calkins, J.*), following a bench trial, finding that the Town of Georgetown did not err in concluding that the misclassification of Goldstein's property constituted a valuation error, and not an "illegality, error or irregularity in assessment," pursuant to 36 M.R.S.A. § 841(1) (Supp.1997),[1] and denying Goldstein's abatement request for the years 1994/95 and 1995/96. Goldstein argues that the Town should have granted his abatement for the relevant years because the misclassification of his property resulted from an "illegality, error or irregularity in assessment," and not from a valuation error. Because we conclude that the Superior Court correctly construed section 841(1), we affirm.

Case History

[¶ 2] Goldstein owns property overlooking Robinhood Cove in Georgetown. Although classified as waterfront property,[2] Goldstein's property was in fact separated from the water by a small strip of land. On October 23, 1996, Goldstein applied to the Town of Georgetown for a property tax abatement on this property for the tax years 1996/97, 1995/96 and 1994/95.[3] The Town granted Goldstein an abatement of his 1996/97 valuation in the amount of $58,000.

[¶ 3] Goldstein appealed the Town's decision to the Sagadahoc County Commissioners. The Commissioners denied his appeal agreeing with the Town that the abatement requests for 1995/96 and 1994/95 were untimely under 36 M.R.S.A. § 841(1) (Supp. 1997) because the misclassification was a valuation error.

[¶ 4] Goldstein filed a timely Petition for Judicial Review of Governmental Action in the Superior Court. Following oral argument, the Superior Court granted judgment to the Town of Georgetown, finding that the misclassification was an "error in valuation" that could be corrected only upon application made within 185 days. This appeal followed.

Discussion

[¶ 5] When the Superior Court, acting as an intermediate appellate court, reviews a decision of the County Commissioners, this Court reviews the Commissioners' decision directly for an abuse of discretion, error of law, or findings unsupported by substantial evidence in the record. *IBM Credit Corp. v. City of Bath*, 665 A.2d 663, 664 (Me.1995).

[¶ 6] Section 841 does not define what constitutes an "error in the valuation of property." 36 M.R.S.A. § 841(1) (Supp.1997). When the Court construes a statute, it seeks to give effect to legislative intent by examining the plain meaning of the statutory language. *Estate of Whittier*, 681 A.2d 1, 2 (Me.1996).

[¶ 7] A misclassification of property which results in an assessment that is too much or too little, compared to what it should be, is a classic error in valuation. Such errors may occur with some frequency in small towns with many properties served by part-time assessors who, while honest and

---

1. 36 M.R.S.A. § 841(1) (Supp.1997) provides:

   The assessors, either upon written application filed within 185 days from commitment stating the grounds for an abatement or on their own initiative within one year from commitment, may make such reasonable abatement as they consider proper to correct any illegality, error or irregularity in assessment, provided that the taxpayer has complied with section 706.

   The municipal officers, either upon written application filed after one but within 3 years from commitment ... may make such reasonable abatement as they consider proper to correct any illegality, error or irregularity in assessment, provided that the taxpayer has complied with section 706. The municipal officers may not grant an abatement to correct an error in valuation of property.

2. In the terminology of the tax assessment, Goldstein's property was classified as "Knubble" or waterfront property, while nonwaterfront property in the area was classified as "Knubble Road" property.

3. The selectmen in the Town of Georgetown are the municipal officers and the assessors. *See* 30-A M.R.S.A. § 2001(10)(A)(1996); 36 M.R.S.A. § 703 (Supp.1997).

hardworking, are essentially volunteers in their duties. In such circumstances, mistakes will be made, particularly in situations where the mistake in valuation would not be obvious from observation. For that reason, section 841 provides a mechanism for correction of errors in valuation. This process recognizes that, in such "error in valuation" circumstances, the taxpayer may be in a better position to have the essential information to point out the error. Accordingly, the burden is placed upon the taxpayer to justify the abatement. However, in "error in valuation" circumstances, the time for objection is limited to 185 days so that the Town's financial commitments, beyond individual fiscal years, are not unduly disrupted by stale claims for abatement.

[¶ 8] Errors in calculating the value of the property in no way affect the taxability of the property or indicate any impropriety in the manner in which the property was assessed. The available cases considering section 841 indicate that those taxing events that are construed to be an "illegality, error, or irregularity in assessment" are very different legal events. Thus, in *Town of East Millinocket v. Town of Medway*, 486 A.2d 739 (Me.1985), we ruled that such an illegality had occurred in a situation where a town had assessed taxes upon a property that should have been tax-exempt. In that case, the issue was total illegality of the tax, not a value miscalculation.

[¶ 9] In *Eastport Water Co. v. City of Eastport*, 288 A.2d 718 (Me.1972), we allowed recovery where, after the assessors developed a valuation, a clerical mistake, improperly placing a decimal point, resulted in overtaxation of the property. Again, the issue was not the amount of the valuation, but a clerical mistake applied to the valuation number resulting in improper taxation in light of the valuation of the property originally determined by the assessors.

[¶ 10] By contrast, the error here is a mistake in application of the methods used to reach a valuation, "an error in valuation of property" to which the 185-day limit on applications for abatement in section 841(1) applies. To construe section 841(1) otherwise and hold that every mistake in setting a value is an illegality would essentially write the 185-day limit out of the law and open a wide range of municipal valuation determinations to challenge long after the fiscal years in which the assessed and collected taxes had been committed.

The entry is:

Judgment affirmed.

