2001 ME 16

## CHRISTIAN FELLOWSHIP AND RENEWAL CENTER

v.

## TOWN OF LIMINGTON et al.

Supreme Judicial Court of Maine.

Argued Sept. 7, 2000.
Decided Jan. 24, 2001.

Stephen C. Whiting (orally), the Whiting Law Firm, P.A., Portland, for plaintiff.

Bruce A. McGlauflin (orally), James B. Haddow, Petruccelli & Martin, LLP, Portland, for defendant.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

CALKINS, J.

[¶ 1] The Christian Fellowship and Renewal Center appeals from a judgment entered in the Superior Court (York County, *Brennan, J.*) affirming the decision of the York County Commissioners denying a tax abatement. The Center contends that its property is exempt from taxation, pursuant to 36 M.R.S.A. § 652(1)(A) (Supp. 2000), because it is a benevolent or charitable organization. The commissioners determined that the Center was not exempt from taxation. Because we conclude that the findings of fact issued by the county commissioners are insufficient to permit appellate review, we vacate the Superior Court decision and remand the case to the Superior Court with directions to remand

the matter to the York County Commissioners for further findings of fact.

[¶ 2] It is not disputed that the Center owns ninety-one acres in Limington which it purchased in 1989. From that time until the 1996 tax year, Limington did not assess taxes on the property. For tax year 1996, however, Limington assessed property tax on eighty-eight of the ninety-one acres, but it granted an exemption from taxation for three acres. The exempted three-acre parcel includes one building, known as the retreat center. Two buildings, the caretaker's house and the farmhouse, are on the portion of land which Limington determined is subject to taxation.

[¶ 3] Through an abatement application, the Center requested that Limington exempt all ninety-one acres from taxation for 1996. Because Limington did not respond to this request or to an attempted appeal to the Limington Board of Appeals and Assessment Review, the Center sought review in court pursuant to M.R. Civ. P. 80B. The Superior Court (*Fritzsche, J.*) remanded the matter, and, eventually, a hearing was held before the York County Commissioners on the Center's abatement request.[1] The county commissioners issued a document entitled "Findings of Fact," in which they concluded that the Center was not entitled to a tax exemption on the eighty-eight acres and denied the

abatement request. The Center sought court review, and the Superior Court affirmed the decision of the commissioners.

■ [¶ 4] When the Superior Court acts in an appellate capacity, we review directly the determination of the commissioners for errors of law, abuse of discretion, or findings unsupported by substantial evidence. *See Goldstein v. Town of Georgetown,* 1998 ME 261, ¶ 5, 721 A.2d 180, 181.

[¶ 5] The Center asserts it is a charitable organization that uses its real property in Limington solely for benevolent and charitable purposes, and therefore, that its property should not be subject to taxation. It relies on 36 M.R.S.A. § 652(1)(A) which states in part:

> The following property of institutions and organizations is exempt from taxation:
>
> .    .    .    .    .
>
> A. The real estate and personal property owned and occupied or used solely for their own purposes by benevolent and charitable institutions incorporated by this State. Such an institution may not be deprived of the right of exemption by reason of the source from which its funds are derived or by reason of limitation in the classes of persons for whose benefit such funds are applied.

---

1. Because the Limington Board of Assessors did not respond to the Center's application for abatement within 60 days, that application was deemed denied. *See* 36 M.R.S.A. § 842 (Supp.2000). The Town Clerk advised the Center to direct its appeal from that denial to the Limington Board of Assessment Review. After the expiration of the 60–day appeal period in 36 M.R.S.A. §§ 843(1) and 844(1) (Supp.2000), Limington's attorney informed the Center that the Board of Assessment Review was misnamed and did not in fact deal with assessment review. Because Limington had not adopted a board of assessment re-

view, the Center's appeal should have been to the county commissioners. *See* 36 M.R.S.A. § 844(1). The Center appealed to the Superior Court pursuant to 36 M.R.S.A. § 843(1) and M.R. Civ. P. 80B. Because the Center's failure to timely appeal to the county commissioners was due to the erroneous advice from the Town Clerk, the Superior Court remanded the case to the Limington Board of Appeals and Assessment Review for transfer to the York County Commissioners, who were directed to accept the appeal as timely pursuant to 36 M.R.S.A. § 844(1).

[¶ 6] The Center has the burden of demonstrating for the tax year 1996 that: (1) it owned the property; (2) it was a benevolent and charitable institution; and (3) it used or occupied the property solely for its own purposes. *Id.* This last element means a showing that the Center had "exclusive occupation of such a nature as, within the meaning of the statute, contributes immediately to the promotion of benevolence and charity, and the advancement thereof." [2] *Camp Emoh Assocs. v. Inhabitants of Lyman,* 132 Me. 67, 70, 166 A. 59, 61 (1933). We have also stated that in every tax exemption case, "there must be a careful examination to determine whether in fact the institution is organized and conducting its operation for purely benevolent and charitable purposes ...." *Green Acre Baha'i Inst. v. Town of Eliot,* 150 Me. 350, 354, 110 A.2d 581, 584 (1954).

[¶ 7] The county commissioners issued a document entitled "Findings of Fact" in which they concluded that the Center was not entitled to a tax exemption and denied the abatement request. The "Findings of Fact" includes a detailed statement reciting the procedural posture of the case and the respective legal and factual contentions of the parties. The findings contain several paragraphs describing the position and claims of the Center, including the sentence, "[The Center] notes that Christian Fellowship and Renewal Center should continue to be tax exempt as they provide religious, charitable and food distribution services." Another paragraph sets forth the position of Limington: "McGlauflin, on behalf of the Town of Limington notes that the Center property is used for a variety of functions for fees and not solely charitable or benevolent purposes." Recitation of the parties' positions or reiterations of the evidence presented by the parties do not constitute findings and are not a substitute for findings. *See Newsweek Magazine v. Dist. of Columbia Comm'n on Human Rights,* 376 A.2d 777, 784 (D.C.1977); *Roy v. Town of Barnet,* 147 Vt. 551, 522 A.2d 225, 226 (1986).

[¶ 8] The only portions of the findings which could be considered factual findings are statements that (1) the Center owns ninety-one acres of land in Limington; (2) Limington was advised by the State of Maine Bureau of Property Taxation that the Center did not qualify for exemption as a charitable and benevolent organization but that a portion of the property used for religious purposes did qualify; and (3) Limington followed the State's opinion and exempted from taxation the retreat center and three acres of land.

[¶ 9] The commissioners made no findings as to whether the Center was a benevolent and charitable institution and whether the Center used or occupied the property exclusively for its own charitable and benevolent purposes. Limington presented evidence that the Center offered its facilities for rent for weddings, baby and bridal showers, graduations, family reunions, and receptions, and that in some years it sold gravel from its land. The Center, on the other hand, supplied evidence of churches and other groups that used its facilities. It also presented evidence that no gravel was sold in 1996.

[¶ 10] The commissioners failed to make findings sufficient to apprise either us or the parties of the basis for their conclusion

---

2. We have held that the term "solely" does not prevent the institution's utilization of the property which is incidental to the dominant purposes of the institution as long as the incidental use is not for pecuniary profit. *See* *Salvation Army v. Town of Standish,* 1998 ME 75, ¶ 7, 709 A.2d 727, 729; *Alpha Rho Zeta of Lambda Chi Alpha, Inc. v. Inhabitants of City of Waterville,* 477 A.2d 1131, 1138 (Me.1984).

that the Center was not entitled to the tax exemption. The insufficient findings do not allow a reviewing court to determine whether the commissioners' decision is supported by substantial evidence.

[¶ 11] We are aware of the line of Maine cases holding that, when an administrative agency fails to make sufficient findings of fact and the appealing party fails to request findings of fact, the reviewing court will assume that the agency found all facts necessary to support its decision. In *Advanced Med. Research Found. v. Town of Cushing*, 555 A.2d 1040 (Me.1989) we held that in the absence of subsidiary findings, a court reviewing the commissioners' denial of a tax exemption must assume that the commissioners resolved all factual issues in favor of the Town and against the taxpayer. *Id.* at 1041. That case, however, relied upon the holding in *Libby v. Lorrain*, 430 A.2d 37 (Me.1981) which was not a review of an administrative agency determination but was an action in court to partition real estate. In *Libby*, we said that when a trial court does not make findings of fact and a party fails to request findings under M.R. Civ. P. 52(a), a reviewing court assumes that the trial justice found for the prevailing party on all factual questions necessary to the decision. *Libby*, 430 A.2d at 38. In *Advanced Med. Research* we did not articulate the rationale for applying M.R. Civ. P. 52(a) to cases reviewing administrative agency decisions.

[¶ 12] There is another line of Maine cases which holds that when the findings of fact of an administrative agency are insufficient to allow review of the agency's decision, the reviewing court should re-

mand the case to the agency for further findings. In *Harrington v. Inhabitants of Town of Kennebunk*, 459 A.2d 557, 561 (Me.1983) (citations and quotation omitted), we said: "[T]he remedy for an agency's failure to act on all matters properly before it or to make sufficient and clear findings of fact is a remand to the agency for findings that permit meaningful judicial review." Although *Harrington* involved the review of a zoning board of appeals, there is no reasoned basis for requiring zoning boards to adhere to the requirement of making sufficient findings but allowing county commissioners, when deciding tax abatement cases, to escape meaningful court review by failing to make findings.

[¶ 13] These two lines of cases, represented by *Advanced Med. Research* and *Harrington*, have been followed in other cases,[3] but the cases from one line have not referred to or discussed the other line of cases except in one dissenting opinion. See *P.H. Chadbourne & Co. v. Inhabitants of Town of Bethel*, 452 A.2d 400, 402, 408 (Me.1982) (*Carter, J.*, dissenting).

[¶ 14] After review of the decisions in these two lines of cases, we conclude that this particular case requires a remand to the commissioners because their findings are insufficient to permit meaningful review. Our reasons are several. First, the county commissioners are required by statute to make findings of fact that are "sufficient to appraise the applicant and any interested member of the public of the basis for the decision." 1 M.R.S.A. § 407(1), (2) (1989). There is no question that the findings in this case fail to meet

3. Cases that have followed *Advanced Med. Research* include *Town of Steuben v. Lipski*, 602 A.2d 1171, 1172 (Me.1992) and *Chase v. Town of Machiasport*, 1998 ME 260, ¶ 16, 721 A.2d 636, 641. An example of a case following *Harrington* is *Nancy W. Bayley, Inc. v. Maine Employment Sec. Comm'n*, 472 A.2d 1374, 1377 (Me.1984). Tax cases which have been remanded to an agency for further findings include *Int'l Paper Co. v. Bd. of Envtl. Prot.*, 1999 ME 135, ¶ 25, 737 A.2d 1047, 1053.

that requirement. Although this statutory mandate is contained in the Maine Freedom of Access Act, and the purpose of the statute differs from the purpose of requiring findings for judicial review, it signifies the recognition of the Maine Legislature of the importance of agency findings.[4]

[¶ 15] Second, there cannot be meaningful judicial review of agency decisions without findings of fact. *See Gashgai v. Bd. of Registration in Medicine*, 390 A.2d 1080, 1085 (Me.1978). Without such findings, there is a clear danger of "judicial usurpation of administrative functions." *Id.* at 1085 (citing 2 K. DAVIS, ADMINISTRATIVE LAW TREATISE § 16.01 (1958)). Other purposes of adequate findings are to "assure more careful administrative considerations, help parties plan cases for rehearing or judicial review and to keep agencies within their jurisdiction." *Maine AFL–CIO v. Superintendent of Ins.*, 595 A.2d 424, 428 (Me.1991). Without adequate findings, a reviewing court cannot determine if the agency's findings are supported by the evidence. *See King v. Dist. of Columbia Dept. of Employment Servs.*, 742 A.2d 460, 465 (D.C.1999); *Kia-*

*wah Prop. Owners Group v. Pub. Serv. Comm'n of S.C.*, 338 S.C. 92, 525 S.E.2d 863, 865 (1999).

[¶ 16] Third, the weight of authority in other jurisdictions supports a remand instead of an assumption that an agency has found facts to support its conclusion when its findings are inadequate for review. In his treatise on administrative law, Professor Davis notes that the requirement for agencies to make adequate findings of fact has been found in the Due Process Clause of the Untied States Constitution, a large variety of statutes, and the common law. 3 K. DAVIS, ADMINISTRATIVE LAW TREATISE § 14:21 at 99–103 (2d ed.1980). Regardless of the source of the requirement, Professor Davis reports that the lower federal courts uniformly require agencies to state their findings and reasons. *Id.* § 14:24 at 114. Furthermore, when the findings are inadequate, the federal courts remand the case to the agency to make findings. *Id.* Likewise, state courts often remand cases to the administrative agency when the findings are inadequate for judicial review whether the requirement for findings comes from a statute or the common law.[5]

---

4. Other Maine statutes that require certain state or local agencies to make findings include 5 M.R.S.A. § 9061 (1989) (requiring all agencies coming under the Maine Administrative Procedures Act to make findings); 26 M.R.S.A. § 968(4) (Supp.2000) (decision of Maine Labor Relations Board must include findings of fact); 30–A M.R.S.A. § 2691(3)(E) (1996) (decisions of municipal board of appeals must include a statement of findings and conclusions); 30–A M.R.S.A. §§ 4403(6), 4407 (1996) (municipal reviewing authority shall make findings of fact in reviewing proposed or revised subdivisions).

5. The cases in which the highest court of a jurisdiction has held that a remand to an agency is appropriate when the agency failed to make adequate findings are so numerous that only a handful are cited here. These cases are examples from several states involv-

ing various agencies, ranging over six decades, with some courts citing statutory authority and others relying on the common law. *See Almada v. Adm'r, Unemployment Comp. Act*, 137 Conn. 380, 77 A.2d 765, 772 (1951) (remanding for findings); *Dist. of Columbia v. Dep't of Employment Servs.*, 713 A.2d 933, 935 (D.C.1998) (remanding to unemployment compensation agency because findings were inadequate); *Stewart v. Region II Child and Family Servs.*, 242 Mont. 88, 788 P.2d 913, 916–17 (1990) (holding that when findings are insufficient a remand is appropriate); *Parker–Young Co. v. State*, 83 N.H. 551, 145 A. 786, 791–92 (1929) (remanding to public utility agency to make findings); *Padilla v. Real Estate Comm'n*, 106 N.M. 96, 739 P.2d 965, 967 (1987) (remanding because findings were insufficient); *Borough of Lavallette v. N.J. Dep't of Envtl. Prot.*, 120 N.J. 164, 576 A.2d 784, 789 (1990) (stating that fact finding

[¶ 17] Fourth, there is no formal process for a party to request findings of the commissioners similar to the process for requesting judicial findings in M.R. Civ. P. 52(a). Courts are not required to make findings of fact, except in a very few cases, but the procedural rules provide a mechanism for a party to request findings. Only when a party fails to request findings does a reviewing court assume that the trial court found all facts necessary to support its decision. We are aware of no procedural rule or formal mechanism for a party to request such findings before the county commissioners. Although the lack of such a mechanism should not prevent or prohibit a party from requesting findings, there is an element of unfairness in penalizing a party for failing to request findings when there was no procedural basis for doing so.[6]

[¶ 18] Finally, policy reasons support a remand to the commissioners to make the findings of fact. The lack of meaningful review will place these same parties and others similarly situated in a continuing quandary as to whether there is an entitlement in other years or in similar situations to a tax exemption. Courts, in reviewing agency decisions, should hold agencies accountable to follow statutory

requirements, and the county commissioners had a statutory duty to make findings. There is a widespread recognition of the need for adequate findings of fact by agencies as can be seen by the enactment of federal and state administrative procedure acts. *See* 5 U.S.C.A. §§ 701–706 (1996); 5 M.R.S.A. §§ 8001–12015 (1989 & Pamph. 2000).

[¶ 19] It is not our intention to declare a hard and fast rule that whenever agencies fail to articulate factual findings on contested issues of fact, a reviewing court should remand the matter to the agency. In some cases the subsidiary facts may be obvious or easily inferred from the record and the general factual findings, and a remand would be unnecessary. In this case, however, we are unable to determine or infer the subsidiary facts from the general conclusion, and we are left without knowing whether the commissioners found that the Center occupied or used its property for noncharitable purposes; whether the commissioners relied on the letter from the Maine Bureau of Property Tax Exemption for their conclusion; or whether some other basis underlies their conclusion. Because we are unable to appropriately review the commissioners' decision, we remand this

is a basic requirement and when it is not done, the usual remedy is a remand); *Kiawah Prop. Owners Group v. Pub. Serv. Comm'n of S.C.*, 338 S.C. 92, 525 S.E.2d 863, 865 (1999) (remanding because public utility agency did not make specific, express findings of fact); *Saufroy v. Town of Danville*, 148 Vt. 624, 538 A.2d 168, 169 (1987) (remanding because of inadequate findings of state tax board); *Scott v. McTiernan*, 974 P.2d 966, 969–70 (Wyo. 1999) (remanding water rights dispute to agency that made inadequate findings).

6. Furthermore, the concept, borrowed from court rules and court decisions involving non-agency cases, that the agency will be deemed to have made all findings necessary to its legal conclusion, is without historical support.

In this regard the discussion of the historical antecedents of the certiorari review of decisions of county commissioners in tax cases, by an unnamed Superior Court justice and quoted at length in the dissenting opinion in *P.H. Chadbourne & Co.*, 452 A.2d at 403–04, is persuasive. Before the promulgation of the Maine Rules of Civil Procedure and the abolition of the great writs, review of decisions of the county commissioners in tax cases was by writ of certiorari. Certiorari required a remand to the commissioners for findings of fact if they had failed to make findings in the first instance. *See Inhabitants of Levant v. County Comm'rs*, 67 Me. 429, 437 (1877) (remanding a tax abatement case to the commissioners to make findings of fact on a contested issue).

matter for the York County Commissioners to articulate the factual findings that support its conclusion.

The entry is:

Judgment vacated. The case is remanded to the Superior Court which is to remand the matter to the York County Commissioners with instructions for further findings of fact consistent with this opinion.