STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-01-061

PAF - YOR - 5/10/2002

HENRY H. MORSE,
HARL L. ADAMS and
NECIA C. ADAMS,

        Plaintiffs

DONALD L. GARBRECHT
LAW LIBRARY

MAY 17 2002

ORDER
AND
DECISION

v.

CITY OF BIDDEFORD,
ROBERT R. WATSON and
NANCY H. WATSON,

        Defendants

The plaintiffs are owners of land that abuts Hutchins Drive, a private way, in Biddeford and they have appealed from a decision of the Biddeford Board of Zoning Appeals which on September 17, 2001 denied their administrative appeal from a decision of the Biddeford Planning Board. The Board of Zoning Appeals decision is very brief and contains little analysis.

Robert R. and Nancy Watson own a larger parcel of land that has its primary frontage on Oak Ridge Road with about 104 feet of frontage on Hutchins Drive. In order to comply with Biddeford land use requirements requiring road frontage, they proposed to build a short new way called Watson Drive on the generally south side of a portion of their property which borders the property of Henry Morse and the Readys. Watson Drive would connect with Hutchins Drive which would lead to Oak Ridge Road.

The procedural history of the case is somewhat confusing as the parties either failed to present evidence to the Boards or failed to raise some of their current issues before the Boards.

The first question presented on appeal is whether the Watsons have any remaining interest in Hutchins Drive or any remaining right to use it. The Watsons at the Planning Board level said that they did but presented little evidence to support the claim. At least one of the neighbors said that they did not. The Planning Board apparently assumed that the Watsons did, but its notice of decision of June 28, 2001 never mentioned the issue.

When the dispute got before the Board of Zoning Appeals on the plaintiffs' administrative appeal, the plaintiffs came with an attorney who presented the analysis of a different attorney, which concluded that the Watsons had no right to use the portions of Hutchins Drive closest to Oak Ridge Road, thus denying them any meaningful frontage. The Board of Zoning Appeals, which only had three of its members present and voting, also ignored the issue.

Based on the evidence presented to the Board of Zoning Appeals, the Board could not have concluded that the Watsons had the right to use Hutchins Drive as it bisected the Morse property and went alongside a portion of the Adams property. Therefore, based on the evidence presented, the decisions of the Board of Zoning Appeals and the Planning Board must be reversed.

In the event that the matter returns to either Board, the Boards are reminded of the requirements from the Maine Supreme Judicial Court that more detailed

findings of fact be made in order to allow meaningful judicial review. See *Christian Fellowship & Renewal Center v. Town of Limington*, 2001 ME 16, ¶10/15, 769 A.2d 834, 837-9 and *Chapel Road Associates, L.L.C. v. Town of Wells*, 2001 ME 178 (December 27, 2001). Additionally, the Boards may wish to consider what rights the Watsons have on Hutchins Drive, how many families abut Hutchins Drive, whether the Planning Board or the Board of Zoning Appeals is the proper Board to grant any requested waivers from road construction standards and whether any such waivers, if they can be granted, should be granted.

The entry is:

> Judgment for the plaintiffs. Decisions of the Biddeford Board of Zoning Appeals and Biddeford Planning Board reversed.

Dated:        May 10, 2002

Paul A. Fritzsche
Justice, Superior Court

PLAINTIFF:
PAUL W CADIGAN ESQ
PO BOX 116
KENNEBUNK ME    04043

DEFENDANT CITY OF BIDDEFORD
HARRY B CENTER II ESQ
SMITH ELLIOTT SMITH & GARMEY
PO BOX 1179
SACO ME    04072

DEFENDANTS ROBERT & NANCY WATSON
JAMES L AUDIFFRED ESQ
PO BOX 1005
SACO ME    04072