STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

SUPERIOR COURT
CIVIL ACTION

2002 OCT 28 P 3: 34 DOCKET NO. AP –02-17
REC – CUM –10/22/2002

DAVID CAIRNS, and
PORTLAND COVER, LLC,
          Plaintiffs,

ORDER ON 80B APPEAL

DONALD L. GARBRECHT
LAW LIBRARY

DEC 3 2002

          v.

TOWN OF GORHAM,
          Defendant.

## FACTUAL BACKGROUND

Plaintiffs Cairns and Portland Cover filed an appeal with the Defendant Zoning

Board of Appeals (Board) to improve a non-conforming structure. The improvement

entailed raising the ceiling of the first floor by two and one-half feet and constructing a

second floor on the existing building at 669 Main Street in Gorham. The Plaintiffs'

appeal, "requesting a permit to enlarge a non-conforming structure," was granted on

September 13, 2001 ( First Decision). In its approval, the Board included a statement

that the Site Plan Review Committee would review the plan and address "special

exception criteria which are of concern to the Board."[1] The Site Plan Review Committee

met in February of 2002, but did not reach a conclusion until after the second Board

decision, which was dated March 21, 2002 (Second Decision).

Plaintiffs applied to the Board for a permit pursuant to chapter 1, section II.4

(nonconformance permit) of the Town of Gorham's Land Use and Development Code.

The Plaintiffs did not apply for a variance nor was one required if the Zoning Board of

Appeals approved the permit application pursuant to chapter 1, section II.4. The Town,

---

[1] Gorham's "Special Exceptions Standards" provide a framework for evaluating applications for special exceptions, as in this case. The ordinance lists six standards, only two of which apply in the present case: vehicular and pedestrian traffic impact and creation of a nuisance because of

however, issued a certificate of variance to the Plaintiff, which, according to the town ordinance, would expire if not recorded within ninety days of approval. The town ordinance also provides that one's right to construct pursuant to a nonconformance permit, will expire within six months if construction has not commenced, and within one year if construction is not substantially completed.

In March of 2002, Plaintiffs resubmitted the application to the Board because the six-month period had lapsed and the Site Review Committee had not yet ruled on the project. This plan was different from the plan approved in September 2001. Plaintiff contends that the changes merely incorporated recommendations of a traffic engineer in an attempt to address the traffic concerns, which the Board referred to the Site Plan Review Committee to address. The Board denied the appeal in March 2002 by a vote of three to three; the Chair was absent.

Plaintiffs now appeal, pursuant to M. R. Civ. P. 80B, from the Board's Second Decision denying Plaintiffs' application for an expansion of a non-conforming structure. They argue the Board's conduct (1) made it impossible to comply with both the variance, for which they did not apply, and the conditions of the permit approval (i.e. Site Plan Review Committee approval); (2) was arbitrary because the Board approved the permit in September and denied it the following March; and (3) was based in part on "errors of law" committed by the Board when voting.

## DISCUSSION

A decision of the Board of Appeals is reviewed for an error of law, abuse of discretion, or findings of fact not supported by substantial evidence in the record. Yates v. Town of Southwest Harbor, 2001 ME 2, ¶ 10, 763 A.2d 266, 269. The court must

---

noise, odors, hours of operation, etc. TOWN OF GORHAM LAND USE & DEVELOPMENT CODE, ch. 1, § IV.E.1, 4.

review only the record established before the Board in order to determine whether the standards have been met. Sahl v. Town of York, 2000 ME 180, ¶ 11, 760 A.2d 266, 269. This Court may not substitute its judgment for that of the Board. Id. Remand is appropriate if the government agency's findings of fact are insufficient. Christian Fellowship and Renewal Ctr. v. Town of Limington, 2001 ME 16, ¶¶ 14-19, 769 A.2d 834, 839 (holding insufficient findings render judicial review inappropriate and possibly detrimental to legal determinations at issue).

In the instant case, the Board's findings of fact in the Second Decision are devoid of any support for the one-line conclusion: "The Special Exception criteria have not been met." Pls.' Br., Ex. 11. The "facts" do indicate what the Plaintiffs' plan is and what the continuing nonconforming result will be.[2] Id. The facts do not address any of the special exception criteria, on which the Board bases its conclusion. Id.; see supra note 1. The facts also indicate that the project "is currently undergoing minor site plan review." Pls.' Br., Ex. 11. This reference indirectly acknowledges the evaluation of the special exception criteria referred to the Site Plan Review Committee by the Board in September of 2001. Nonetheless, the Board took final action and denied the second appeal. The record lacks the requisite support for any conclusion that the Board may have reached, including denial of the appeal. The case must be remanded to the Board for additional findings of fact to support the conclusions and reasoning of the Board.

Plaintiffs argue "the same plan was already approved" and a denial of the plan following its approval six months earlier is arbitrary and intrinsically unfair. Pls.' Br. at 6. In their Reply Brief, Plaintiffs also raise the argument of issue preclusion. They argue

---

[2] The decision outlines the plan to replace the existing single story structure with a two-story structure for a use permitted in that zoning district. Pls.' Br., Ex. 11. "The existing building is non-conforming because it is 21' from a side property line which requires a 30' setback per the current code." Id.

the Board's determination in September 2001 regarding traffic concerns precludes it from revisiting the issue in March of 2002. These arguments need not be addressed because the project submitted to the Board in March 2002 is different from that approved by the Board in September of 2001. Pls.' Br. at 3, 4, 6, 7, 8, 9 (stating that the plan was "amended," "had several changes," and had "[s]ignificant changes" made). A successful argument for issue preclusion requires prior "adjudication" of "a legal or factual issue." Town of North Berwick v. Jones, 534 A.2d 667, 670 (Me. 1987) citing RESTATEMENT (SECOND) OF JUDGMENTS § 83 (1982). The amended project creates a new issue for the Board to determine. Pls. Br. at 8-9 ("*Significant changes were made to the originally approved plan*, which increased the safety of the site and reduced any traffic impact . . . .") (emphasis added). The two projects were different; therefore, these arguments are invalid and unpersuasive.

The entry is

Plaintiffs' 80B Appeal is REMANDED to the Gorham Zoning Board of Appeals for additional findings of fact and conclusions.

Dated at Portland, Maine this 28th day of October, 2002.

_____
Robert E. Crowley
Justice, Superior Court

4



Date Filed __04-19-02__ __Cumberland__ Docket No. ___AP-02-17___
County

Action __80 B APPEAL__

DAVID CAIRNS d/b/a
PORTLAND COVER, LLC

TOWN OF GORHAM PLANNING BOARD

vs.

Plaintiff's Attorney

NEAL L. WEINSTEIN, ESQ.
P.O. Box 660
Old Orchard Beach, ME 04064-0660
(207) 934-2173

Defendant's Attorney

NATALIE L. BURNS, ESQ.
Jensen Baird Gardner & Henry
P.O. Box 4510
Portland, Maine 04112
(207) 775-7271

Date of
Entry