STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-04-02
PNF - YOK - 10/12/200?

WILLLIAM B. HAGUE, IV,

      Petitioner

v.

                                **ORDER
AND
DECISION**

JODY L. THOMAS, Chief of
Police, Town of Buxton, Maine,

      Respondent

DONALD ...
U... ...

OCT 26 2004

The petitioner William B. Hague, IV is a resident of Buxton, Maine and has held valid Maine permits to carry concealed firearms pursuant to 25 M.R.S.A. §§2001- *et seq.* including the most recent permit based on a July 11, 2000 application. On March 19, 2002 he applied to the Buxton Police Chief Jody L. Thomas for a renewal of his permit. Chief Thomas serves as the "issuing authority" for concealed firearms permits for the Town of Buxton. *See* 25 M.R.S.A. §2002(9)(A)(1). After an investigation that disclosed a Maryland conviction, Chief Thomas revoked his existing permit on April 26, 2002.

Mr. Hague requested a hearing to challenge the revocation of the existing permit. At the conclusion of the hearing, Chief Thomas found that material misstatements existed in his July 11, 2000 application and his March 19, 2002 renewal application and denied the appeal from the April 26, 2002 revocation. An appeal to the Superior Court was taken, briefs submitted and oral argument has been waived.

Pursuant to 25 M.R.S.A. §2005(1) the "issuing authority" shall revoke a permit on the basis of a determination that, "The application or any documents made part of the application contained a material misstatement." Among the questions that were asked

of Mr. Hague under the laws that then existed were the questions, "Is there a formal charging instrument now pending against you in this or any other jurisdiction for a crime that is punishable by one year or more imprisonment ...." and "Have you ever been convicted of (such) a crime ...."

There is substantial evidence in this case which indicates that Mr. Hague was convicted in Maryland in 1975 for possession of a concealed weapon, that the offense was punishable by more than a year in prison and that Mr. Hague did not disclose this conviction in either his 2000 application or his 2002 renewal application.

While it is correct that old conviction information, particularly when the supporting court records are no longer available, has the potential to be unreliable Mr. Hague, in this civil proceeding, never testified at his hearing that he had not been convicted or that the offense charged was not punishable by more than a year in prison. He did, however, admit to a Maine State Police detective that he had been charged and had pled guilty to a misdemeanor. Chief Thomas had sufficient evidence to support her detailed findings, which are precisely the type of findings that are necessary for judicial review. See for example *Christian Fellowship and Renewal Center v. Town of Limington*, 2001 ME 16, 769 A.2d 834 for a case where adequate findings were not made.

The concealed weapons permit statute requires revocation if an application or the supporting documents contain a "material misstatement", *See* 25 M.R.S.A. §2005(1)(A). This differs from the requirements for a perjury conviction, in one alternative, that the defendant "... does not believe the statement to be true...." *See* 17-A M.R.S.A. §451(1)(A). A revocation of a concealed firearms permit requires only an error about a fact that matters, it does not require an intent to make a false statement.

2

Lastly, there is no time limit on the use of records of criminal convictions for more serious offenses unlike the time limits on use of information regarding the related but distinct issue of "good moral character." *See* 25 M.R.S.A. §2003(4).

The entry is:

Appeal denied. The decision of December 4, 2003 of Jody L. Thomas, Chief of Police of the Town of Buxton, Maine, which revoked the concealed firearms permit of William B. Hague, IV is affirmed.

Dated: October 19, 2004

Paul A. Fritzsche
Justice, Superior Court

PLAINTIFF:
KENNETH I. MARASS, ESQ.
TITCOMB MARASS FLAHERTY & KNIGHT
PO BOX 311
SANFORD ME   04073

DEFENDANT:
WILLIAM L. PLOUFFE, ESQ.
DRUMMOND WOODSUM & MACMAHON
PO BOX 9781
PORTLAND ME   04104-5081