STATE OF MAINE                                    SUPERIOR COURT
                                                    CIVIL ACTION
YORK, ss.                                        DOCKET NO. AP-04-045

FREDERICK G. TRUDO and
DONNA M. TRUDO,

            Plaintiffs

                          AUG 12 2005

    v.                                                   ORDER

TOWN OF KENNEBUNKPORT,

            Defendant


    This case comes before the Court on Petitioners Frederick G. Trudo and Donna

M. Trudo's appeal of a decision by the Respondent Town of Kennebunkport's Zoning

Board of Appeal, pursuant to Maine Civil Rule 80B.

## FACTS

    Petitioners Frederick G. Trudo and Donna M. Trudo (the Trudos) occupy a house

at 272 King's Highway in Kennebunkport, Maine. Their house lies directly across the

street from the beach and ocean, in what is called the Critical Edge zone of

Kennebunkport. Because of its lot size and proximity to the coast, the house is legally a

non-conforming structure under Town land use ordinances. On September 17, 2002,

the Trudos received a building permit to renovate some windows, install a garage door,

shift a door opening, move a fireplace within the living room, and repair some siding.

In the course of those renovations, the Trudos also renovated an area of the porch by

replacing the existing open railings and posts with fixed exterior walls, trim, and siding.

They installed four-season windows, a weather-tight door, and a tile floor in the

renovated area. The latticework at the base of the porch was replaced with a stone foundation, siding and shingles.

On December 4, 2003, the Town of Kennebunkport (the Town) Code Enforcement Officer (CEO) found the Trudos in violation of Town ordinances governing the change or expansion of nonconforming structures. The CEO ordered the porch renovations removed. The Zoning Board of Appeals (ZBA) upheld the CEO, finding the Trudos in violation of ordinances governing expansion of non-conforming structures, building permits, and uses within the Critical Edge zone. On May 27, 2004, the Trudos filed their 80B petition.

## DISCUSSION

In an 80B appeal, the Superior Court, reviews the record of the proceedings before the municipal agency for abuse of discretion, errors of law, or findings unsupported by substantial evidence in the record. *Priestly v. Town of Hermon*, 2003 ME 9, ¶ 6, 814 A.2d 995, 997; M.R. Civ. P. 80B(f).

The Petitioners argue that enclosing a section of the porch does not violate Town ordinances governing expansion of non-conforming structures because no expansion of use, space, or "operating season" has occurred. Petitioners also maintain there are no public policy reasons to prohibit the enclosure of the porch in the Critical Edge zone, under either Town ordinances or State shoreline law and that neighbors do not object to the renovation and that other property owners have been allowed to enclose porches without being found in violation of Town regulations. Finally, Petitioners maintain the case should be remanded to the ZBA for additional findings of fact pursuant to 1 M.R.S.A. § 407.[1]

---

[1] Every agency shall make a written record of every decision involving the conditional approval or denial of an application, license, certificate or any other type of permit. The agency shall set forth in the record the reason or reasons for its decision and make finding of the fact, in writing, sufficient to appraise the applicant and any interested member of the public of the basis for the decision. 1 M.R.S.A. § 407(1)

The Town argues that Petitioners' porch renovation fails to meet the requirements of the Town ordinance governing expansion of non-conforming structures and ordinance restrictions placed on structures in the Critical Edge. Read together with definition sections, the Town argues, the ordinances allow no renovations without a permit and allow no porch expansion of any kind. The Town further argues that the volume of the enclosed area has expanded with the addition of exterior walls. The Town maintains that, under case law, a significant alteration of the structure constitutes an expansion, regardless of the dimensions or nature of the change. Further, the Town argues the porch's seasonal use has expanded and the house's interior living space has grown.

Finally, the Town argues that the record contains sufficient findings of fact to allow appellant review and cites statements made at the Petitioners' hearing, now in the record, as the basis for the ZBA's decision.

**ZBA's Finding of Facts**

Maine's Freedom of Access Act, 1 M.R.S.A. § 401 et seq. "requires an agency to set out its findings with a level of specificity that is sufficient to apprise the applicant and any interested member of the public of the basis for the decision." *Yusem v. Town of Raymond*, 2001 ME 61, ¶ 17, 769 A.2d 865, 872 (citation omitted). The party alleging a violation of the Act bears the burden of presenting probative evidence of the violation before the Superior Court. *Id.* at ¶ 16. Erroneous or incomplete findings do not necessarily constitute a violation of 1 M.R.S.A. § 407; however, the findings of fact must be sufficient to show a rational basis for the agency's decision. *Your Home, Inc. v. City of Portland*, 452 A.2d 1250, 1257 (Me. 1981).

Thus, a planning board that summarized the evidence, the proposed plans and reached a conclusion that the plaintiff failed to comply with traffic standards without specifying which traffic standard was the basis of its decision or upon which evidence it

3

relied, did not comply with the Act. *Chapel Road Associates, LLC v. Town of Wells*, 2001 ME 178, ¶ 12, 787 A.2d 137, 140 ("nor is this a case in which the facts found by the Board are obvious or in which the subsidiary facts can be inferred from stated conclusory facts"). When a county commission failed to include in an abatement denial whether the taxpayer, as argued, was a benevolent or charitable institution or whether the taxpayer used or occupied property for benevolent or charitable purposes, the findings were likewise insufficient. *Christian Fellowship and Renewal Ctr. v. Town of Limington*, 2001 ME 16, ¶ 15, 769 A.2d 834, 839 (citing a clear danger, in the absence of findings, of "judicial usurpation of administrative functions").

The remedy for an agency's failure to . . . make sufficient and clear findings of fact is a remand to the agency for findings that permit meaningful judicial review." *Kurlanski v. Portland Yacht Club*, 2001 ME 147, ¶14, 782 A.2d 783, 787 (quoting *Christian Fellowship*, 2001 ME 16, ¶ 12, 769 A.2d at 838). A court should not "embark on an independent and original inquiry," *Harrington v. Inhabitants of Town of Kennebunk*, 459 A.2d 557, 561 (Me. 1983), or review the matter by implying the findings and grounds for the decision from the available record. *Chapel Road Associates, LLC v. Town of Wells*, 2001 ME 178, ¶ 13, 787 A.2d 137, 140.

Here the ZBA's Findings of Fact recite the name of the owner of the property, its location, the date of violation, the date of hearing and notice, the name of the Petitioner's attorney and a list of materials he made part of the record. The Findings of Fact also include a list of seven Town ordinance sections, falling within various chapters covering Critical Edge Zoning, Non-conformance, and Building Permit provisions, that are deemed "relevant." The ZBA conclusion states the Petitioners' appeal is denied "based on information provided by Brian Shaw and based on the Board's interpretation of the Land Use Ordinance." There is, however, no indication in the Findings of Fact of any information Brian Shaw provided. Likewise, there is no reference to which

4

ordinance, or part of an ordinance, or combination of ordinances, of the many ordinances cited as "relevant," was the basis of the ZBA's decision. Nor is there any indication of how the ZBA chose to interpret that ordinance to apply to Petitioners' case in reaching its conclusion.

Without knowing which or how Town ordinances were interpreted, this Court is unable to analyze whether the ZBA's interpretation comports with the facts and law of the case, or was made in error. Thus, this Court cannot carry out a meaningful review of ZBA's decision. *Chapel Road Associates, LLC v. Town of Wells*, 2001 ME 178, ¶ 12, 787 A.2d 137, 140. Furthermore, this Court is not at liberty to substitute its own judgment, as to either the relevant ordinance or its chosen interpretation, for that of the ZBA. *Harrington v. Inhabitants of Town of Kennebunk*, 459 A.2d 557, 561 (Me. 1983). Although a considerable administrative record is before the Court, this Court also may not engage in an independent search of that record in an attempt to imply additional findings of fact or a basis for the ZBA's decision. *Chapel Road*, 2001 ME at ¶ 13.

Because the ZBA's Findings of Fact provide an insufficient basis for meaningful appellate review of its decision denying Petitioners' appeal, the matter must be remanded to the ZBA for findings that allow such review. *Kurlanski v. Portland Yacht Club*, 2001 ME 147, ¶14, 782 A.2d 783, 787.

The entry will be:

> While the court retains jurisdiction of the matter, it is remanded to the ZBA for further proceedings.

The clerk may incorporate this order in the docket by reference.

Dated:     May 2, 2005

G. Arthur Brennan
Justice, Superior Court

PLAINTIFF:
DURWARD PARKINSON ESQ
BERGEN & PARKINSON
62 PORTLAND RD
KENNEBUNK ME   04043-6658

DEFENDANT:
AMY TCHAO ESQ
DRUMMOND WOODSUM & MACMAHON
PO BOX 9781
PORTLAND ME   04104-5081

5

FREDERICK G. TRUDO and
DONNA M. TRUDO,

Plaintiffs

v.

**ORDER**

TOWN OF KENNEBUNKPORT,

Defendant

This matter comes before the Court on Frederick and Donna Trudo's 80B appeal of administrative action taken by the Town of Kennebunkport. Following hearing, the appeal is Granted.

## BACKGROUND

Plaintiffs Frederick and Donna Trudo ("the Trudos") reside at 272 King's Highway in Kennebunkport, Maine. As their residence is near the ocean in the Critical Edge area, Defendant Town of Kennebunkport ("the Town") considers it a non-conforming structure under its land use ordinance.[1] After receiving a building permit in 2002, the Trudos made some renovations to their residence, including altering part of their porch by replacing the railing with exterior walls, trim, and siding. In December 2003, the Town's Code Enforcement Officer ("CEO") determined that the Trudos had violated the Town ordinance that addresses altering or expanding nonconforming

---

[1]     *See* ordinance § 5.5.C.2, which provides that single-family dwellings located in the Critical Edge may be non-conforming structures.

structures and ordered the Trudos to remove the altered porch.[2] The ZBA agreed with the CEO that the Trudos had violated the ordinance. On the Trudos' first 80B appeal, this Court remanded the matter to the ZBA for additional fact finding. Specifically, the Court was unsure which of seven "relevant" sections of the ordinance cited by the ZBA actually formed the basis of its decision. The Court was also uncertain how the ZBA interpreted and applied the provisions of the ordinance to the Trudos' renovations.

The ZBA met to reconsider the Trudos' renovations in January 2006. Following that meeting, the ZBA rendered its findings of fact and conclusions of law. The ZBA again listed seven sections of the ordinance as cited by CEO Shaw in the initial notice of violation; however, it stated that its decision was based on one specific provision, Article 8.2.A, regarding expansion. According to the ZBA, the Trudos' renovations constitute an expansion of use as defined by Article 2 because, as a result of their alterations, the porch can be used for a longer time per year. Lastly, the ZBA noted that its 2006 findings are consistent with the findings it made in 2005, but are intended to "further clarify" the original findings and conclusions. The ZBA denied the Trudos' appeal by a vote of 5 to 1. The Trudos then appealed that decision per Rule 80B.

## DISCUSSION

1. Standard of Review.

Review of board findings is "for an abuse of discretion, error of law, or findings unsupported by substantial evidence in the record." *O'Toole v. City of Portland*, 2004 ME 130, ¶ 8, 865 A.2d 555, 558.

---

[2] The Town contends that the Trudos did not mention the porch renovations in their permit application. The Trudos paid a $500 fine to the Town.

2. <u>Did the ZBA Properly Deny the Trudos' Appeal?</u>

On remand, the ZBA determined that the Trudos had violated the expansion of use provisions in Article 8 of the Town's Land Use Ordinance ("LUO"). The pertinent section states that "[a] non-conforming structure or use shall not be changed, extended or enlarged in any manner except as provided in this subsection." LUO Art. 8, § 8.2.A. The subsection goes on to articulate the process for making various alterations to non-conforming structures. An expansion of use for such a structure constitutes adding "one or more months to a use's operating season; or the use of more floor area or ground area devoted to a particular use." LUO Art. 2, § 2.2.[3] Expanded uses are permitted even within the Critical Edge – LUO Art. 5, § 5.5.B.2 specifically provides that expansion or enlargement of pre-existing dwellings is permissible in that area as long as certain criteria are satisfied.

When the ZBA first considered this matter at the 2004 meeting, it also discussed whether the Trudos' home is a non-conforming structure. The Trudos now contend that the Town has waived its right to argue the non-conforming structure issue because at the 2006 meeting, the ZBA focused on it as a non-conforming use. The Town denies any such waiver. It is apparent that the ZBA rested its 2006 findings and conclusions on non-conforming use. This Court is limited to analyzing the ZBA's articulated basis for its decision, which, in this case, involves assessing the ZBA's conclusion that the porch renovation constituted improper expansion of a non-conforming use because it extended the time period within which the porch could be used.

The Law Court has held that "any significant alteration of a non-conforming structure is an extension or expansion." *Shackford & Gooch, Inc. v. Town of Kennebunk*, 486

---

[3] The Trudos argue that the term "operating season" is limited to commercial uses, but no such limitation is found in the ordinance.

A.1d 102, 105 (Me. 1984). In *Shackford*, the Court upheld a zoning board's determination that a restaurant's roof deck constituted an impermissible expansion of the already non-conforming building. *Id.*

After its 2006 meeting, the ZBA concluded that enclosing the porch constituted an expanded use. In its updated findings, the ZBA included as a finding of fact an alleged statement made by Mrs. Trudo in 2004 that after making the improvements, they would be able to continue using the porch into the fall.[4] In 2004, CEO Shaw had testified that because the Trudos also could use the enclosed porch when it rained or at night, their overall use would expand.[5] The Town contends that extending the use beyond the summer months was therefore an express purpose of the Trudos' renovations, in violation of § 2.2.

An examination of the record, however, reveals that using the porch after the summer ended was not the *primary* purpose of the renovation project. At the 2004 meeting, Mr. Trudo testified that they wanted to protect furniture on their porch and protect themselves from the wind, which, even during the summer, could make it uncomfortable to sit on the porch.[6] But, the Trudos noted that even before enclosing the porch, they were able to use it in the spring or fall with proper attire. In addition, the record reveals that the porch does not have separate heating and is not winterized. The Town contends that the now-enclosed porch serves as an extension of the Trudos' living room, but this is not supported by record evidence. The Trudos contend that it does not

---

[4]     *See* Finding No. 9, Findings of Fact and Conclusions of Law, 1/9/06. *See also* 3/12/04 Meeting Minutes, p. 12, lines 1-3.

[5] *See* 3/12/04 Meeting Minutes, p. 13, lines 24-25 and p. 14, lines 1-2.

[6] *See* 3/12/04 Meeting Minutes, p. 11, lines 18-24.

4

function as a living area, as they keep the door to the porch closed to prevent cold air from infiltrating the house.

Unlike the drastic changes in the restaurant's structure in *Shackford*, enclosing the existing porch without increasing it in size is not a "significant alteration" that rises to the level of expanded use.[7] The LUO limits the definition of such expansion to increased duration of use or increased floor area, and the ZBA focused only on the former criterion. The record supports the Trudos' assertion that they do not use the porch more now than they already did; use remains dependent on vagaries of Maine's weather. The incidental effect that the renovations have had, making the porch more comfortable in colder weather, does not support the ZBA's conclusion that the Trudos have expanded their use in conflict with the LUO. The record does not support the finding that the enclosed porch constitutes an expansion of use in violation of the ordinance. As it is possible to resolve the appeal on this basis, the Court need not address the parties' policy arguments regarding elimination of non-conforming uses.[8]

The entry will be as follows:

Appeal Granted; Decision of the ZBA vacated.

Dated:        May 7, 2007

PLAINTIFF:
DURWARD PARKINSON ESQ
BERGEN & PARKINSON
62 PORTLAND RD
KENNEBUNK ME   04043-6658

G. Arthur Brennan
Justice, Superior Court

DEFENDANT:
AMY K TCHAO ESQ
DRUMMOND WOODSUM & MACMAHON
PO BOX 9781
PORTLAND ME   04104-5081

[7] It is worth noting that none of the Trudos' neighbors have complained about the change and all of them have supported their efforts to retain the enclosed porch.

[8] The Town's suggestion that the enclosed porch might have negative implications for the protected Critical Edge and Shoreland Zone is without merit. LUO § 10.10.B sets forth considerations for the planning board in this regard, all of which involve environmental and resource concerns.