STATE OF MAINE                              SUPERIOR COURT
PENOBSCOT, ss.                              CIVIL ACTION
                                            DOCKET NO. AP-08-028

INHABITANTS OF THE TOWN OF
BURLINGTON,

        Petitioner,

                                            **ORDER**
        v.

RICHARD H. EATON, and                       FILED & ENTERED
GAYLA M. EATON,                             SUPERIOR COURT

        Respondents.                            JUL 27 2009

                                            PENOBSCOT COUNTY


This case is before the court on an 80B appeal from the decision of the Penobscot

County Commissioners, dated November 4, 2008, which granted the respondents' request

for tax abatement.

## BACKGROUND

The Town filed the present action seeking review of the Commissioners' decision

on December 18, 2008. Oral arguments were held on June 1, 2009 at which the Town

was represented by counsel. The respondents have proceeded *pro se* in this action and

did not submit an opposing brief or participate in oral argument. The Court takes the

Town's arguments up in turn.

## DISCUSSION

The Town first argues that the Commissioners lacked jurisdiction to hear the

Eatons' appeal from the Town Board of Selectmen because it was untimely. An appeal

to the Commissioners must be made "within 60 days after notice of the decisions from

1

which the appeal is being taken or within 60 days after the application is deemed to have been denied." 36 M.R.S. § 844(1) (2008).

The Town contends that the Eatons' application was deemed denied on April 9, 2008, 60 days after their initial application. (Pet.'s Brief at 6.) Such applications are deemed denied after 60 days without action by the Town "unless the applicant has in writing consented to further delay." 36 M.R.S. § 842 (2008). Despite the wording of the statute, explicit written consent is not required and consent may be implied. *Vienna v. Kokernak*, 612 A.2d 870, 874 (Me. 1992). Although the Town tries to use its own delay in acting on the Eatons' application as a bar to further appeal, this precise argument was rejected by the Law Court in *Vienna*. The Town sent letters to the Eatons explaining that there would be a delay due to the illness of the assessor used by the Town, Ruth Birtz. (R. at 3-4.) The Eatons did object and did not appeal the matter to the Superior Court upon the expiration of the 60-day period. Such circumstances imply consent to the delay.

Moreover, in *Int'l Woolen Co. v. Town of Sanford*, 2003 ME 80, ¶ 14, 827 A.2d 840, 844, the Law Court held that a town does not lose its authority to act on an application after the 60-day period. Rather, a town's action after the 60-day period is a reconsideration of the application, and a written denial after 60 days explicitly setting forth the applicant's appellate rights reinstates such rights. *Id.* The record in this case shows that the Town's written decision advises the Eatons of their right to appeal and, pursuant to *Int'l Woolen Co.*, such was effective to reinstate their right to appeal to the Commissioners. (R. at 5.)

The Town further argues that this Court should reverse the Commissioners' decision because the record shows that the Eatons cannot have met their burden on their

application or, in the alternative, to remand the matter to the Commissioners because their decision failed to include sufficient facts as to permit meaningful review. The Court turns first to the issue of the sufficiency of the facts supporting the Commissioners' decision. The Town argues that the only evidence before the Commissioners were the documents contained in the appellate record and based upon such evidence the appeal should have been denied. (Pet.'s Brief at 11.) This was not the case. The Commissioners' decision clearly states that a view and formal hearing were conducted on October 10, 2008. (R. at 49.) In attendance at the hearing were the Eatons, Ruth Birtz, and two Town Selectmen. (R. at 49.) The Commissioners factual findings could be based upon evidence or testimony received at the view or hearing.

Although the hearing and view could provide support for the Commissioners factual findings and conclusion, their decision is not sufficient to provide adequate appellate review. Consequently, the Court remands this matter to the Commissioners to issue further findings of fact and conclusions of law. On remand the Commissioners shall "make findings of fact that are 'sufficient to appraise the applicant and any interested member of the public of the basis for the decision.'" *Christian Fellowship & Renewal Ctr.*, 2001 ME 16, ¶ 14, 769 A.2d 834, 838 (quoting 1 M.R.S. § 407).

The Commissioners granted the Eatons' appeal and lowered the 2007 assessment on their property because of certain restrictions on the Eatons' property and because the Eatons' property was off of the power grid. (R. at 49.) Consequently, they lowered the Eatons' overall 2007 tax assessment. In legal terms, they decided that the Town's assessment was "manifestly wrong." *Yusem v. Town of Raymond*, 2001 ME 61, ¶ 9, 769 A.2d 865, 870. An assessment can be manifestly wrong if "(1) the judgment of the

3

assessor was irrational or so unreasonable in light of the circumstances that the property was substantially overvalued and an injustice resulted; (2) there was unjust discrimination; or (3) the assessment was fraudulent, dishonest, or illegal." *Id.* On remand the Court requests that the Commissioners indicate in what way they have decided the Eatons' assessment is manifestly wrong using the aforementioned categories from *Yusem* for guidance.

Additionally, the Court requests that the Commissioners provide more detailed factual findings. The Court specifically asks for facts as to how the restrictions on the Eatons' property are "not comparable" with other similarly situated properties. Further, while the Commissioners have stated that the Eatons' property is off of the power grid, the Court asks for further facts regarding the type of power supply relied upon by the Eatons as opposed to owners of similarly situated properties. The Court also requests that the Commissioners set forth any additional facts upon which they base their decision.

## CONCLUSION

The record in this case being inadequate to provide full appellate review, the Court remands this matter to the Penobscot County Commissioners for further written findings of fact and conclusions of law consistent with this opinion. The Court retains jurisdiction of this matter pending the Commissioners' action on remand. Within 40 days after the Commissioners issue a written decision, the Town shall file such decision as an addendum to the record and may also file a supplemental brief at the same time if so desired. The Eatons may file a brief in response within 30 days of being served with the Town's brief. If the Eatons file a brief in opposition then the Town may file a reply brief within 14 days of service.

4

The entry is:

      1.     On the petitioner's petition for review of government action, this matter is **REMANDED** to the Penobscot County Commissioners to issue sufficient findings of fact and conclusions of law as to permit meaningful review.

      2.     Deadlines for briefing following remand set.

      3.     This order is incorporated into the docket by reference pursuant to M.R. Civ. P. 79(a).

Date: July 22, 2009

M. Michaela Murphy
Justice, Superior Court

5

Date Filed __12/18/08__ _____Penobscot_____ Docket No. ___AP-2008-28_____

County

Action _____CIVIL RULE 80B APPEAL_____

ASSIGNED TO JUSTICE MICHAELA M. MURPHY

| INHABITANTS OF THE TOWN OF BURLINGTON, MAINE | vs. | RICHARD H. EATON, GUYLA M. EATON |
|---|---|---|

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Roger L. Huber, Esq. | Richard H. Eaton |
| Thomas A. Russell, Esq. | Guyla M. Eaton |