STATE OF MAINE                          SUPERIOR COURT
Sagadahoc, ss.                          LOCATION: Bath, Maine
                                        **District Court Docket No.: WES-CV-05-289**
                                        **Consolidated with Superior Docket No.: RE-06-03**
                                        **and Docket No.: AP-10-4**
                                        *A M H — S A G — 11/2, 2010*

TOWN OF GEORGETOWN,             *
                               *
              Plaintiff         *
        v.                     *
                               *
R. BRUCE MONTGOMERY            *
                               *
        and                    *
                               *
WANDA HADDOCK                  *       ORDER OF REMAND
                               *
              Defendants        *
                               *
JACOB KARBINER and            *
SUSAN KARBINER                *
                               *
        Parties in Interest     *
---------------------------------------------
WANDA K. HADDOCK              *
                               *
              Petitioner        *
        v.                     *
                               *
TOWN OF GEORGETOWN            *
                               *
        and                    *
                               *
JACOB AND SUSAN KARBINER      *
                               *
              Respondents       *


The appeal under M.R. Civ. P. 80B in the action docketed as SAGSC-AP-10-4 was brought

by Wanda Haddock regarding the decision of the Town of Georgetown Planning Board of March

3, 2010, which denied the Plaintiffs' application for what they presented as an expansion of an

existing nonconforming structure in the shoreland zone.

1

For the reasons indicated at oral argument on October 8, 2010, the court concludes that the Board's findings and conclusions are insufficient.[1] Because of that insufficiency, the court remands the matter to enable the Planning Board to make the sufficient findings and conclusions. *See Christian Fellowship and Renewal Center v. Town of Limington* 2001 ME 16 ¶14-18; 769 A.2d 834, 838-40.

The Planning Board decision is not sufficient for judicial review because the decision does not clearly the Board's conclusion that "no building permit can be issued for any structure (principal or accessory) on the lot in question because the lot is not a nonconforming lot of record." In addition to citing the section of the ordinance relied upon, the Planning Board must explain how it reached that conclusion based on the wording of the Ordinance section(s) relied upon.[2]

On remand, the Planning Board may confirm, modify and/or reverse its earlier decision of March 3, 2010. The Board also may entertain argument from the parties, but not new evidence. However it responds, the Board must act on the basis of evidence already in the record.

IT IS HEREBY ORDERED AS FOLLOWS:

---

[1] The Notice of Decision of the Georgetown Planning Board was a letter to the applicant dated March 17, 2010 and sets forth the Planning Board's denial decision which consisted of one paragraph as follows:

> The Planning Board denied the application based on the grounds that the Georgetown Board of Appeals on October 30, 2009 found as a matter of law that "No building permit can be issued for any structure (principal or accessory) on the lot in question (06U-01) because the lot is not a non-conforming lot of record" and issued a decision stating "No building permit can be issued for a structure on the lot in question, 06U-013." In forming its decision, the Planning Board also found that "the Planning Board does not have the power to issue a variance. In the absence of instruction from higher authority such as the superior Court, the Planning Board is legally bound by the decision of the Board of Appeals in this case.

[2] This remand does not require the Board to make findings of facts and conclusions of law to support the determination that the lot in question is not a nonconforming lot of record. Plaintiffs Haddock and Montgomery have appropriately conceded that the lot has that status, based on the doctrine of res judicata, it having been so determined in an earlier administrative decision that was not appealed.

2

(1) The appeal from the Planning Board denial of a shoreland zoning permit is hereby remanded to the Planning Board of the Town of Georgetown the decision of March 3, 2010 for further consideration in accordance with this Order. The Court retains jurisdiction over the pending appeal, meaning that the shoreland zoning case may return without a new appeal being filed.

(2) This appeal also raised as a separate issue the failure of the Code Enforcement Officer of the Town of Georgetown to issue a decision concerning the Plaintiff's separate January 25, 2010 Building Permit Application for a retaining wall and earth moving activity. That application is hereby remanded to the Town of Georgetown Code Enforcement Officer for findings of facts, conclusions and a decision. The Court does not retain jurisdiction over this issue on appeal, meaning that any appeal in that matter will need to be pursued in a new AP action.

Pursuant to M.R. Civ. P. 79(b), the clerk is hereby directed to incorporate this order by reference in the docket.

Dated: 8 Nov 2010

A. M. Horton
Justice, Maine Superior Court

3