STATE OF MAINE

KNOX, ss.

STATE OF MAINE
Knox. S.S., Clerks Office
SUPERIOR COURT

APR 27 2004

RECEIVED AND FILED
Susan Guillette, Clerk

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-03-015
JR.A - KNO- 4/27/2004

MARY H. STRONG,

Plaintiff

v.

INHABITANTS OF THE
TOWN OF THOMASTON,

Defendant

DECISION AND ORDER

DONALD L. (_____
LAW (_____

MAY 21 2004

Pending in this M.R. Civ. P. 80B action is the plaintiff's Motion for Trial and Order Specifying Future Course of Proceedings. For the reasons stated herein, the motion is to be denied in part and granted in part.

The history of this case and a brief description of the plaintiff's claims will assist in an explanation of the result here reached.

Mary H. Strong owns residential property in Thomaston. She claims that in 2002 the town reassessed residential property, resulting in an increase in the valuation of her property and, therefore, an increase in her real estate taxes for that year. She contends that this increase in the valuation of her property, and other residential properties in Thomaston, was due to a formula for revaluation that was flawed and which violated our constitutional provision that real estate taxes are to "be apportioned and assessed equally according to the just value thereof." Me. Const. Art. 9, § 8. More particularly, she says that the town assessor reassessed residential properties but not commercial properties because there was insufficient data to reassess the latter.

According to the plaintiff, the result of this approach to property assessment was to increase valuations of residential property while decreasing relative valuations of commercial property in 2002. The plaintiff further asserts that the assessor had other

tools to properly value commercial property and his failure to use these and the approach taken in appraising residential property vis-à-vis commercial property in 2002 resulted in the constitutional violation cited.

The plaintiff appealed her 2002 assessment to the town's Board of Assessors and asked for abatement. She claims that although the Board told her that her abatement request would be heard, she learned that her appeal was denied because, in the Board's view, there was no legal basis for it to provide her relief. Accordingly, she says, she was denied a hearing at which she could have established a record to pursue her grievance further.

The plaintiff next appealed to the Knox County Commissioners who held a hearing on her abatement request on July 1, 2003. Apparently the county clerk tape-recorded this hearing, and the Commissioners denied the appeal on July 8, 2003.

Thereafter, the plaintiff filed her complaint in this court, joining her Rule 80B appeal with two other counts which seek an injunction directing Thomaston to employ an assessment system for the tax year in question which will be "equal and equitable" and asking for a declaration that the assessment of her property for this tax year violated Maine law, including our constitution.

Via the pending motion, the plaintiff asks for a trial of the facts on Count One of her complaint which sets out her Rule 80B appeal. M.R. Civ. P. 80B(d) provides that "the court shall order a trial to permit the introduction of evidence that does not appear in the record of governmental action and is not stipulated." As a prerequisite to such an order, however, the moving party must:

> . . . file a detailed statement, in the nature of an offer of proof, of the evidence that the party intends to introduce at trial. That statement shall be sufficient to permit the court to make a proper determination as to whether any trial of the facts as presented in the motion and offer of proof is appropriate under this rule and if so to what extent.

To satisfy these requirements, the plaintiff filed a lengthy "Statement of Evidence" which she acknowledges, contains, for the most part, evidence presented at the hearing before the Commissioners. Indeed, the cited Statement of Evidence appears to rearticulate, albeit in a more detailed fashion, the factual allegations in Count One of the Complaint. The plaintiff complains, however, that she is hampered in providing a record on which her appeal may rest because she was denied a hearing by the Board of Assessors and the County Commissioners did not make a transcript of their hearing as the tape-recording was used only to prepare the Commissioner's decision and then destroyed.

At oral argument on the motion, counsel for the plaintiff added that he also wants a trial of the facts to present new evidence, in the form of expert testimony, that was not presented to the Commissioners. He also advised that a trial of the facts would permit him to augment what was presented to the Commissioners which he needs to rebut information presented by the town at the county level.

With reference to the plaintiff's wish to present expert testimony and to rebut information presented by the town in order to better establish the town's errors in applying an allegedly flawed system to assess property, it must first be observed that the purpose of a trial of the facts is not to provide a party a second opportunity to relitigate the merits of its case by offering evidence that it could have, or should have, presented below. It must also be remembered that a Rule 80B case is in the character of an appellate action with restrictions on what the court may consider in acting on such a complaint. M.R. Civ. P. 80B(f).

So, as here, where there is no showing that the plaintiff was prevented from presenting evidence that she now wishes to offer here, it would be contrary to the

appellate nature of this action to permit her to do so; that is, to permit her to reestablish the record on appeal by the presentation of evidence she failed to present below contravenes the purpose and structure of an 80B action. Were Rule 80B to be interpreted otherwise, there would be no incentive to fully present one's case at the municipal level as one could be secure in the knowledge that any oversights in that presentation could be remedied at the Superior Court by a trial to present previously available evidence to strengthen one's position. If this were permitted, obviously the opposing party would be given the same opportunity to present additional evidence which, in the end, would eviscerate the appellate nature of Rule 80B actions. All this being so, the court will not permit the plaintiff to have a trial of the facts in this court to present an expert witness or to augment her case to rebut the town's presentation made at the county hearing as she should have pursued these options at that time.

The plaintiff also says she needs a trial of the facts in this court because she was denied a hearing at the municipal level and was therefore deprived of her opportunity to create a record. This claim, however, ignores the process in Maine which provides a de novo review by the County Commissioners of a tax abatement case. *Sager v. Town of Bowdoinham*, 2004 ME 40, ¶ 5, ____ A.2d ___. Thus, an aggrieved taxpayer, such as the plaintiff, has a full opportunity to litigate her claim at the county level and, by virtue of this process, is not prejudiced in her creation of a record by the town's failure to conduct a hearing on her claim.

The plaintiff claims she should have a trial of the facts here for the additional reason that there is no verbatim transcript of the hearing before the County Commissioners. Maine law, however, provides that, "[a] party's failure to obtain, or have made, a record of proceeding that could have been recorded does not entitle that party to seek a trial of the facts." *Baker's Table, Inc., v. City of Portland*, 2000 ME 7, ¶ 9,

n.5, 743 A.2d 237, 241, n.5. The plaintiff, however, responds that she did not record this hearing when her counsel observed the county clerk tape-recording the hearing.[1] Thus, she says, her failure to create this record ought to be excused and she should either have a trial of the facts here or the case should be remanded back to the Commissioners for a new hearing.

It is true that when a county or municipality undertakes a recording of a hearing it conducts, it should do so in a way that can produce a reviewable transcript. *Ram's Head Partners, LLC v. Town of Cape Elizabeth*, 2003 ME 131, ¶ 18, 834 A.2d 916, 921. But a transcript is not indispensable to judicial review when there are findings of fact and conclusions of law which are "sufficient to apprise the court of the decision's basis." *Id.*, ¶ 16, 834 A.2d at 921. *See Christian Fellowship v. Town of Limington*, 2001 ME 16, ¶ 19, 769 A.2d 834, 840.

In this case, the court must conclude that the County Commissioner's decision provides a detailed explanation of the facts presented to them and a rationale for this decision which appears to address all of the plaintiff's essential points in her case. Indeed, she cites no omissions in the Commissioner's decision which would affect the justiciability of her appeal. That being so, the court cannot find that the plaintiff is prejudiced in her prosecution of this appeal by the absence of a transcript of the Commissioners' hearing. Accordingly, this contention will serve neither as a basis for a remand nor as a justification for a retrial of the merits of this case in this court via M.R. Civ. P. 80B(d).

More importantly, because the court is satisfied with the thoroughness of the Commissioners' decision, it can find no basis for a trial of the facts on the issues raised

---

[1] The court was not informed as to why the plaintiff did not arrange for a court reporter to attend the county hearing or if she ever asked the county clerk to retain the tape so that she could have a transcript made.

in the pending motion. So, for example, in her memorandum supporting the pending motion, the plaintiff states that a transcript would show admissions or acknowledgements by the town's assessor, but does not tell the court what those admissions or acknowledgements might be and how they would either assist her case or make the record more complete or more fair. The same is true of the plaintiff's contention that she would present additional evidence at a trial in this court which would show, *inter alia*, that the increase in valuations of residential real estate was based on a shorter period of time than that applied to commercial real estate which ultimately resulted in a flawed, and therefore, unequal, assessment of residential property. It appears, however, that this information was presented to, and considered by, the Commissioners who found that the town's assessment system did not violate state guidelines. *See* R., pp. 10-11.

From all this, the court cannot conclude that the plaintiff has met her burden of persuasion via her offer of proof that the record does not contain the essential facts on which she relies in seeking an abatement or that the Commissioners' decision is deficient in this regard. Instead, it appears that the plaintiff now wants to produce "additional," i.e., "more," evidence than she did at the county level in order to further her mission to secure a tax abatement. In the court's view, a trial of the facts, as noted, *supra*, is not the proper forum to supplement the quality of a grievant's case. More importantly, the court cannot find that the offer of proof satisfies the affirmative duty of the plaintiff to satisfy the court that a trial of the facts is appropriate because it appears from the totality of the material presented in the record and in support of the motion that this court will have an adequate record to dispose of the plaintiff's case on its merits.

With reference to the future course of proceedings, the court will provide the following direction:

(1)    Discovery on Counts II and III will be completed 120 days from the date of this order. Plaintiff will designate experts 60 days from this order and defendant will do so 30 days from this order.

(2)    Briefs on Count I will follow the briefing schedule outlined at M.R. Civ. P. 80B(g), but the 40 days for filing of the plaintiff's brief will commence the date the discovery period closes.

The clerk is directed to make the following entries:

> Motion for Trial is DENIED. Motion to Specify Future Course of Proceedings is GRANTED.

So ordered.

Dated: April 23 , 2004

John R. Atwood
Justice, Superior Court