STATE OF MAINE                                    SUPERIOR COURT
                                                     CIVIL ACTION
YORK, ss.                                       DOCKET NO. AP-05-027

RONALD L. PEAKER,                  SEP 14 2005

               Plaintiff

     v.                                          ORDER

CITY OF BIDDEFORD,

               Defendant

     Ronald L. Peaker and Barbara A. Peaker are the owners of real estate at 4 Winter Harbor Lane in Biddeford and have challenged their 2004 property tax assessment. Their request for an abatement was denied by the Biddeford Assessor and they filed a timely appeal to the Biddeford Board of Assessment Review. After a hearing the Board sent them a letter dated April 26, 2005 which stated, "The purpose of this letter is to notify you that the Board of Assessment Review DENIED your abatement appeal at their meeting on April 21, 2005." The letter informed them of their appeal rights and said that questions regarding the decision could be sent to the Assessor's Office for forwarding to the Board. At no point were the Peakers informed of the reasons for the Board's decision or what its findings of fact and conclusions of law were.

     An appeal was taken to the Superior Court, briefs were filed and oral argument was held. A remand to the Board is required before the Superior Court can review the Board's decision.

In *Chapel Road Associates, L.L.C. v. Town of Wells*, 2001 ME 178, 787 A.2d 137 the Maine Supreme Judicial Court dealt with a case where the findings of the Town of Wells Planning Board were inadequate. The Court stated at ¶10, page 140,

> "Meaningful judicial review of an agency decision is not possible without findings of fact sufficient to apprise the court of the decision's basis. *Christian Fellowship & Renewal Ctr. v. Town of Limington*, 2001 ME 16, ¶¶10-15, 769 A.2d 834, 837-39. In the absence of such findings, a reviewing court cannot effectively determine if an agency's decision is supported by the evidence, and there is a danger of "judicial usurpation of administrative functions." *Id.* ¶15, 769 A.2d at 839 (quoting *Gashgai v. Bd. of Registration in Med.*, 390 A.2d 1080, 1085 (Me. 1978). Adequate findings also "assure more careful administrative considerations, help parties plan cases for rehearing or judicial review and ... keep agencies within their jurisdiction." *Id.* (quoting *Maine AFL-CIO v. Superintendent of Ins.*, 595 A.2d 424, 428 (Me. 1991); *see also Harrington v. Inhabitants of Town of Kennebunk*, 459 A.2d 557, 561-62 (Me. 1983) (remanding matter to agency in zoning context where findings were insufficient to allow judicial review)."

In the Peakers appeal there are no findings of fact or conclusions of law.

The appeal will be remanded to the Biddeford Board of Assessment Review. The Board may hold an additional hearing if it believes that one is warranted. The Board, however, shall indicate in writing, which need not be unduly lengthy, what its factual determinations are and what its legal conclusions are. A reviewing Court needs to know at least briefly why the Board reached its decision. The decision may or may not be an acceptable one, but it cannot be meaningfully reviewed in its current form.

Once the Board has completed its duties on remand it shall send a copy of its decision to the Clerk of the Superior Court. Mr. Peaker will have 30 days from the date that he receives notice of the new decision to file any supplemental brief with the Court, the City will have 30 days from the date of his submission to file its response and Mr. Peaker will have 14 days from the date of the City's response to file any supplemental reply brief. Oral argument will then be scheduled unless waived by the parties.

2

The entry is:

Remanded to the Biddeford Board of Assessment Review. Jurisdiction retained by the Superior Court.

Dated:

*August 31, 2005*

Paul A. Fritzsche
Justice, Superior Court

PLAINTIFF:
RONALD L. PEAKER-PRO SE
PO BOX 332
BIDDEFORD ME   04006

DEFENDANT:   CITY OF BIDDEFORD
MICHAEL J. O'TOOLE ESQ
WOODMAN EDMANDS DANYLIK & AUSTIN
PO BOX 468
BIDDEFORD ME   04005

3

STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-05-27
AP-06-34

*PAF - ' 10 '' ' '*

RONALD L. PEAKER,

Plaintiff

v.

CITY OF BIDDEFORD,

Defendant

**DECISION AND ORDER**

DONALD L. GARBRECHT
LAW LIBRARY

OCT 25 2006

Ronald Peaker and Barbara Peaker are the owners of a home and land at 4 Winter Harbor Lane in Biddeford. Their 2004 property tax bill rose to reflect an increase in the assessed value of their land. A request for an abatement was made and denied by the Biddeford Assessor. An appeal was taken to the Biddeford Board of Assessment Review which denied the appeal on April 26, 2005 with a conclusory finding that the Board "...DENIED your abatement appeal at their meeting on April 21, 2005."

A timely appeal was taken to this Court in AP-05-27 which, by order of August 31, 2005, remanded the abatement request to the Board to make needed findings of fact and conclusions of law. In a letter of December 20, 2005 the Chairman of the Board of Assessment Review again stated that the Board had denied the request for abatement. While this letter gave more detail than the April 26, 2005 letter, it is still deficient for two reasons.

First it is not clear that the decision on remand was the decision of the Board in that the letter of December 20, 2005 indicates, "The meeting was then adjourned, the board members later reported their findings to the board secretary." This procedure can result in the Chairman or Secretary combining the proposed findings into a

perceived consensus finding without the Board members ever voting on the actual decision. This has the potential, while accurately reflecting the result, to not accurately state the reasoning of the Board or to reflect the actual reasoning of the members.

The second problem is that the decision on remand is only a modest improvement on the first decision. The first decision stated only that the request was denied. The second ultimately stated only that the request was denied because the applicant failed to show that the assessor had used a different method on the Peaker property than for other Biddeford properties, that the assessment was consistent with comparable properties and that the Peakers did not submit enough evidence to meet their burden of proof in showing substantial over valuation. While this decision is better, it in essence states that the Peakers' request is denied because they did not prove their case, it does not address a central issue of whether nearby properties are substantially undervalued.

Despite two hearings before the Board Mr. Peaker's concerns which he raised for himself and his wife have not been addressed.

The tax assessment and tax abatement procedures and standards are set out by statute, see 36 M.R.S.A. §§841 – *et seq.* and by numerous decisions of the Maine Supreme Judicial Court sitting as the Law Court. One recent decision which both restates the general principles and is particularly relevant to this dispute is *Ram's Head Partners, LLC v. Town of Cape Elizabeth,* 2003 ME 131, 834 A.2d 916. Paragraph 9, at 919, reviews and restates the long established rules that the assessment is presumed to be valid and that in order to obtain an abatement the taxpayer must demonstrate that the assessment was "manifestly wrong" by proving "that the property is substantially overvalued, there was unjust discrimination, or that the assessment was fraudulent." Paragraph 11 states that, "The undervaluation of one set of similarly situated properties can support a

2

finding of unjust discrimination, even when there is no undervaluation of the general mass of property."

In this case Mr. Peaker presented evidence that ocean front property in his area was substantially undeveloped. That evidence was not effectively rebutted as the evidence demonstrated a high sale price and dramatically lower valuation for a property at map 56-13. The Assessor is incorrect in stating that the most expensive 15% and least expensive 15% of the properties can be ignored. While the middle properties can be used to establish trends, it is not proper to deliberately assess a property significantly below its clear just value as established by an actual sale.

In this case Mr. Peaker has demonstrated unjust discrimination and he and his wife are entitled to an abatement to be set by the Board.

In 2005 the Peakers again received their assessment and tax bills, requested an abatement for similar reasons, were denied and appealed to the Board. This time the Board was unable to hold a hearing and the application was "...deemed denied and the applicant may appeal to the Superior Court as if there had been a written denial." See 36 M.R.S.A. §843(1). That appeal was taken in AP-06-34.

The question is what is the proper remedy now that the appeal is here following board inaction. There is a temptation to consider the lack of action to be the equivalent of a written denial which stated only "appeal denied" without elaboration or elucidation. A remand for a hearing, findings and conclusions would perhaps seem warranted. That option would be seriously considered if the taxpayer needed a hearing to develop a record supporting his or her claim. Here the Peakers have presented a similar though stronger case than they did in their first case, AP-05-27. For the same reasons based on *Ram's Head Partners*, AP-06-34 will be remanded solely for the purpose

3

of granting an abatement. Abatements are to be granted. The Board is by law given the task of determining the amount.

The entries are:

In AP-05-27 and AP-06-34 the appeals are remanded to the Biddeford Board of Assessment for the granting of "such reasonable abatement as the board thinks proper." pursuant to 36 M.R.S.A. §843.

Dated:      October 18, 2006

Paul A. Fritzsche
Justice, Superior Court

PLAINTIFF:
RONALD L. PEAKER
PO BOX 332
BIDDEFORD POOL ME   04006


DEFENDANT:
MICHAEL J. O'TOOLE, ESQ
WOODMAN EDMANDS DANYLIK & AUSTIN
PO BOX 468
BIDDEFORD ME   04005

4