2011 ME 31

### Scott K. ZUMBACH

v.

### BOARD OF REAL ESTATE APPRAISERS.

Supreme Judicial Court of Maine.

Submitted on Briefs:  Jan. 27, 2011.

Decided:  March 17, 2011.

---

Barbara L. Goodwin, Esq., Murray, Plumb & Murray, Portland, ME, for Scott K. Zumbach.

Janet T. Mills, Attorney General, Andrew L. Black, Asst. Atty. Gen., Augusta,

ME, for the Board of Real Estate Appraisers.

Panel: ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

GORMAN, J.

[¶ 1] Scott K. Zumbach appeals from a judgment of the Superior Court (Kennebec County, *Clifford, J.*) in which the court affirmed the decision of the Board of Real Estate Appraisers pursuant to M.R. Civ. P. 80C, and denied Zumbach's independent claim seeking a declaratory judgment, in connection with the Board's 2008 disciplinary action against Zumbach. We affirm the judgment.

## I. BACKGROUND

[¶ 2] In early 2006, Zumbach had a trainee appraisal license in New Hampshire and Massachusetts, but not in Maine. In March of 2006, Zumbach, with his Maine-certified supervisor, issued an appraisal on a piece of property in Arundel. Five months later, Zumbach applied for and was granted his trainee license in Maine by the Board of Real Estate Appraisers, which is the body that governs the licensing and certification of appraisers in this State. *See generally* 32 M.R.S. § 14012 (2010).

[¶ 3] In March of 2007, the Board received a complaint about the Arundel appraisal. After completing its investigation, the Board offered to resolve the complaint by entering into a consent agreement. Zumbach agreed and, in February of 2008, he, the Board, and the Attorney General executed such a consent agreement. By the terms of that consent agreement, Zumbach admitted that he had committed conduct appropriate for discipline, and agreed to accept a reprimand and the permanent revocation of his appraisal license in Maine.

[¶ 4] In February of 2009, Zumbach requested that the Board reopen the matter, asserting both that the Board lacked jurisdiction to enter into the consent agreement and that the terms of the agreement were arbitrary and capricious. The Board denied the request.

[¶ 5] Zumbach appealed the Board's decision to the Superior Court pursuant to M.R. Civ. P. 80C, and asserted an independent claim seeking a declaratory judgment that the Board lacked authority to enter into the consent agreement. Both parties moved for summary judgment. By judgment dated April 30, 2010, the court affirmed the decision of the Board and denied Zumbach's request for a declaratory judgment. Zumbach appeals.

## II. DISCUSSION

[¶ 6] Real estate appraisal, like most professional conduct, is governed by two sets of statutes. Title 10 M.R.S. §§ 8001 to 8009 (2008)[1] governs the practice of professional conduct in general. Among other provisions, 10 M.R.S. § 8003(5–A)(A) permits the Board of Real Estate Appraisers to discipline appraisers for actions that could generally be deemed "violations" of an appraiser's duties or responsibilities.

[¶ 7] The more specific statute governing real estate appraisals is the Real Estate Appraisal Licensing and Certification Act (the Act), 32 M.R.S. §§ 14001–14038

---

1. Because the 2008 version of the operative statutes was in effect at the time Zumbach executed the consent agreement, we evaluate the Board's authority according to that version. Title 10 has since been amended, but not in any way that would affect the outcome of this appeal. P.L.2009, ch. 112, §§ A–2, B–4; P.L.2009, ch. 465, §§ 1–7.

(2008).[2] The Act is administered, within the Department of Professional and Financial Regulation, by the Board of Real Estate Appraisers. 10 M.R.S. § 8001; 32 M.R.S. § 14011. The Act grants the Board the responsibility for the licensing of appraisers,[3] and for disciplinary action not only if a licensed appraiser commits any of the actions prohibited by 10 M.R.S. § 8003(5–A)(A), but also on other grounds, such as the appraiser's lack of trustworthiness, competence, and/or diligence. 32 M.R.S. § 14014–A. The Board may discipline on any of these grounds by "deny[ing] a license, refus[ing] to renew a license or impos[ing] the disciplinary sanctions authorized by Title 10, section 8003, subsection 5–A." 32 M.R.S. § 14014–A. Likewise, for any of the grounds listed in section 8003(5–A)(A), the Board may "deny or refuse to renew a license, may suspend or revoke a license and may impose other discipline" including a warning or reprimand, civil penalties, and conditions of probation. 10 M.R.S. § 8003(5–A)(A), (B).

[¶ 8] Alternatively, the Board "may execute a consent agreement that resolves a complaint or investigation without further proceedings" if such an agreement is executed with the consent of "the applicant or licensee; the office, board or commission; and the Department of the Attorney General." 10 M.R.S. § 8003(5–A)(C). A consent agreement may achieve "[a]ny remedy, penalty or fine," even those that may be imposed only by the Superior Court, including "permanent revocation of a professional or occupational license." 10 M.R.S. § 8003(5–A)(C). Finally, "[a] consent agreement is not subject to review or appeal and may be modified only by a writing executed by all parties to the original consent agreement"; it is enforceable only by an action in the Superior Court. 10 M.R.S. § 8003(5–A)(C). It was pursuant to section 8003(5–A)(C) that the Board, Zumbach, and the Attorney General entered into the consent agreement in the present matter.

[¶ 9] Zumbach purports to challenge the Board's denial of his motion to "reopen" the matter of his 2008 discipline, which culminated in the execution of the consent agreement; he argues that the Board exceeded its authority in entering into the consent agreement, and asks us to determine that the Board may not sanction a real estate appraiser for acts he performed before applying for or obtaining an appraisal license.

[¶ 10] The consent agreement may not be appealed pursuant to both the terms of the agreement itself and 10 M.R.S. § 8003(5–A)(C); even if it could, the time for Zumbach to do so expired in 2008, see 5 M.R.S. § 11002(3) (2010); M.R. Civ. P. 80C(b); M.R.App. P. 2(b)(3). Further, although Zumbach's request to the Board was styled as a motion to "reopen" his disciplinary matter, the Board has neither inherent nor statutory authority to "reopen" final decisions, including consent agreements. *See Clark v. State Emps. Appeals Bd.*, 363 A.2d 735, 736–39 (Me. 1976).

---

**2.** The Act has since been amended. P.L.2009, ch. 112, §§ A–20 to A–22. We note, however, that notwithstanding legislative amendments enacted since 2008, the substance of both title 10 and title 32 in the 2010 statutes would yield the same result in Zumbach's appeal.

**3.** The Act also links itself to the procedures authorized by 10 M.R.S. § 8003–C (2008) by providing that "it is unlawful for a person to prepare, for a fee or other valuable consideration, an appraisal or appraisal report relating to real estate or real property in this State without first obtaining a real estate appraisal license," 32 M.R.S. § 14003 (2008), and that anyone who violates section 14003 "is subject to the provisions of Title 10, section 8003–C," 32 M.R.S. § 14006 (2008).

[¶ 11] If we generously read Zumbach's motion as a request to modify the consent agreement pursuant to 10 M.R.S. § 8003(5–A)(C), we review directly the decision of the Board for "errors of law, abuse of discretion, or findings not supported by substantial evidence in the record." [4] *Mulready v. Bd. of Real Estate Appraisers*, 2009 ME 135, ¶ 13, 984 A.2d 1285, 1290 (quotation marks omitted); *see* M.R. Civ. P. 80C. We afford "[c]onsiderable deference" to an agency's interpretation of its own rules and statutes. *Mulready*, 2009 ME 135, ¶ 13, 984 A.2d at 1290.

[¶ 12] We agree with the Board that it had the authority to enter into the consent agreement with Zumbach, and we discern no abuse of discretion in the Board's denial of Zumbach's request to modify the consent agreement on that or any other basis. The statute expressly charges the Board with investigating any untoward acts in the area of real estate appraisal; Zumbach's Arundel appraisal is precisely the type of circumstance the Board must consider pursuant to that duty.[5] *See* 10 M.R.S. §§ 8003(5–A), 8003–C(2). The Legislature has entrusted the Board with the power to discipline for acts prohibited by 10 M.R.S. § 8003(5–A)(A) and 32 M.R.S. § 14014–A, and to investigate allegations of these actions. Based on its investigations, the Board may execute a consent agreement that broadly achieves "[a]ny remedy, penalty or fine that is otherwise available by law, even if only in the jurisdiction of the Superior Court." 10 M.R.S. § 8003(5–A)(C); *see also* 32 M.R.S. § 14014–A.

[¶ 13] In executing the consent agreement, Zumbach himself admitted to having violated 32 M.R.S. § 14014(1)(B), (G), (I), (J) (2006),[6] which authorizes Board discipline when:

B. The licensee commits an act or omission in the practice of real estate appraising that constitutes dishonesty, fraud or misrepresentation with the intent to substantially benefit the licensee or another person or with the intent to substantially injure another person;

. . . .

G. The licensee violates this chapter or any rule adopted under this chapter;

. . . .

I. The licensee fails or refuses without good cause to exercise reasonable diligence in developing an appraisal, preparing an appraisal report or communicating an appraisal;

J. The licensee demonstrates negligence or incompetence in developing an appraisal, preparing an appraisal report or communicating an appraisal.

---

4. Zumbach's declaratory judgment claim is dependent on his challenge to the Board's decision in this matter.

5. Although boards and commissions, including the Board of Real Estate Appraisers, may "receive or initiate complaints of unlicensed practice," 10 M.R.S. §§ 8001(38)(CC), 8003–C(1) (2008), and may investigate such complaints, 10 M.R.S. § 8003–C(2) (2008), the Board does not dispute that unlicensed practice of appraisal is prosecuted by the Attorney General's office or the local district attorney's office, *see* 10 M.R.S. §§ 8003(5–A), 8003–C(2) (2008); 32 M.R.S. §§ 14003, 14006.

6. Title 32 M.R.S. § 14014 (2006) was the applicable statute in 2006, at the time Zumbach completed the Arundel appraisal, and applied for and was granted his trainee license in Maine. Although section 14014 has since been repealed and replaced by 32 M.R.S. § 14014–A (2008), *see* P.L.2007, ch. 402, §§ GG–7 to GG–8 (effective Sept. 20, 2007), the substance of its provisions are largely duplicated in 32 M.R.S. § 14014–A (2008), and in 32 M.R.S. § 14014–A (2010). Thus, pursuant to any version of the statute we might apply, the outcome of Zumbach's appeal is the same.

Zumbach's actions and his admissions to these violations bring this matter well within the purview of the Board's role.[7]

[¶ 14] Given the Board's authority to enter into the consent agreement; Zumbach's decision, with the advice of his own counsel, to execute the consent agreement; Zumbach's failure to obtain the Attorney General's consent to a modification of the consent agreement, *see* 10 M.R.S. § 8003(5–A)(C); and the considerable discretion of the Board, we discern no error in the Board's decision to deny Zumbach's motion to modify the consent agreement.

The entry is:

Judgment affirmed.

---

**7.** Furthermore, we are not persuaded that the date of discovery of wrongdoing in the arena of appraisals is dispositive of the Board's role in such circumstances. Even if Zumbach might have challenged the Board's further jurisdiction or authority to impose discipline or enter into a consent agreement concerning acts that occurred before an appraiser sought or was granted a license, however, he forfeited that contention by executing a consent agreement in which he also agreed he had no right to appeal. We also disagree with Zumbach's contention that permanent license revocation is too draconian a remedy to be enforced given his execution of the consent agreement containing this very provision.